STUART F. DELERY
    Acting Assistant Attorney General
ELIZABETH J. SHAPIRO (D.C. Bar No. 418925)
    Deputy Branch Director
BRAD P. ROSENBERG (D.C. Bar No. 467513)
    Trial Attorney
    U.S. Department of Justice
    Civil Division, Federal Programs Branch
    P.O. Box 883
    Washington, D.C.  20044
    Telephone: (202) 514-3374
    Facsimile: (202) 616-8460
    E-mail: brad.rosenberg@usdoj.gov

Attorneys for Defendant
Federal Bureau of Investigation

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA; SAN FRANCISCO BAY GUARDIAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATION[1],<br><br>    Defendant. | No. 12-cv-3728 DMR<br><br>ANSWER |

The defendant Federal Bureau of Investigation ("FBI"), by its undersigned counsel, hereby answers plaintiffs' Complaint as follows:

**FIRST DEFENSE**

The FBI is not a proper defendant in this action. Pursuant to 5 U.S.C. § 552(f)(1), the proper party defendant is the U.S. Department of Justice.

**SECOND DEFENSE**

Plaintiffs have failed to exhaust administrative remedies.

---

[1] The FBI is not a proper defendant in this action. The proper party defendant is the U.S. Department of Justice. Defendant respectfully requests that the Court correct the caption of this case.

ANSWER
Case No. 12-cv-3728-DMR

Defendant answers the numbered paragraphs of plaintiffs' Complaint as follows, in correspondingly numbered paragraphs:

**INTRODUCTION**

1.   The first sentence of this paragraph sets forth plaintiffs' characterization and summary of this action, to which no response is required.  The second through fourth sentences contain plaintiffs' characterizations of the public interest, to which no response is required.  To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second through fourth sentences.

2.   Defendant admits that plaintiffs submitted a FOIA request that was dated March 8, 2012 and refer to that request (attached to the Complaint as Exhibit 3) for its full and complete contents, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence.  The allegations contained in the second sentence constitute a characterization of the public interest, to which no response is required, except defendant admits that plaintiffs requested expedited processing of their FOIA request and refers to that request (attached to the Complaint as Exhibit 3) for its full and complete contents. Defendant admits that it granted plaintiffs' request for expedited processing on March 26, 2012, but denies the remaining allegations contained in the third sentence.  Defendant admits the allegation in the fourth sentence that it had not provided plaintiffs with any records as of the date of the filing of the Complaint, but denies the allegation in that sentence that it had not provided plaintiffs with any information regarding the status of its search as of the date of the filing of the Complaint.  Defendant has since provided records to plaintiffs that are responsive to their FOIA request.

3.   This paragraph sets forth plaintiffs' characterization of the relief sought in this action, to which no response is required.

4-5.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

ANSWER
Case No. 12-cv-3728-DMR

6. Defendant admits the allegations contained in the first sentence. Defendant denies the allegations contained in the second sentence. Defendant admits the allegations contained in the third sentence.

## JURISDICTION

7. This paragraph sets forth plaintiffs' conclusions of law regarding jurisdiction, to which no response is required.

## VENUE AND INTRADISTRICT ASSIGNMENT

8. This paragraph sets forth plaintiffs' conclusions of law regarding venue, to which no response is required.

9. This paragraph sets forth plaintiffs' conclusions of law regarding intradistrict assignment, to which no response is required.

## FACTUAL ALLEGATIONS

10. The statements in this paragraph contain plaintiffs' characterizations of the public interest, to which no response is required. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11. The statements in the first sentence reflect plaintiffs' characterizations of the public interest, to which no response is required. To the extent a response is required, defendant denies the allegations contained in the first sentence. The remainder of this paragraph consists of citations to various news sources, to which no response is required.

12. The statements in the first sentence reflect plaintiffs' characterizations of the public interest, to which no response is required. To the extent a response is required, defendant denies the allegations contained in the first sentence. The remainder of this paragraph consists of citations to various news sources, to which no response is required.

13. The statements in this paragraph reflect plaintiffs' characterization of the public interest, to which no response is required. To the extent a response is required, defendant denies the allegations contained in this paragraph.

ANSWER
Case No. 12-cv-3728-DMR

14. The statements in the first sentence reflect plaintiffs' characterization of the public interest, to which no response is required. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence. Defendant admits that it issued an unclassified Intelligence Bulletin on September 14, 2011, and refers to that Bulletin for its full and complete contents, but denies the remaining allegations contained in the second sentence. Defendant admits the allegation contained in the third sentence that a copy of a September 14, 2011 Intelligence Bulletin is appended to the Complaint as Exhibit 1. Defendant admits the allegations contained in the fourth through sixth sentences, and refers to Exhibit 2 of the Complaint for its full and complete contents.

15. The statements in the first two sentences contain plaintiffs' characterization of the public interest, to which no response is required. To the extent a response is required, defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences. The remainder of this paragraph consists of citations to various news sources, to which no response is required.

16. The statements in the first two sentences, and the last sentence, contain plaintiffs' characterization of the public interest, to which no response is required, except that defendant admits that it made public a new edition of its Domestic Investigations and Operations Guide last year; to the extent a response is otherwise required, defendant denies the remaining allegations contained in these sentences. The remainder of this paragraph consists of citations to various news sources, to which no response is required.

17. The statements in this paragraph contain plaintiffs' characterization of the public interest as well as legal conclusions, to which no response is required.

18. Defendant admits that plaintiffs submitted a FOIA request to the FBI, and that the request was dated March 8, 2012, but denies that the FBI received the request on that date. Defendant refers to that request (attached to the Complaint as Exhibit 3) for its full and complete contents.

ANSWER
Case No. 12-cv-3728-DMR

19. Defendant refers to the FOIA request referenced in this paragraph for its full and complete contents.

20. This paragraph contains plaintiffs' characterization of the public interest, to which no response is required, except defendant admits that plaintiffs requested expedited processing of their FOIA request and refers to that request (attached to the Complaint as Exhibit 3) for its full and complete contents.

21-22. Admitted.

23. Defendant admits that plaintiffs sent a letter to the FBI, and that the letter was dated May 17, 2012, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph. Defendant refers to that letter (attached to the Complaint as Exhibit 6) for its full and complete contents.

24-25. Admitted.

26. Defendant admits that, as of the date of the filing of the Complaint, plaintiffs had not received any responsive documents from the FBI, but denies the remaining allegations contained in this paragraph.

27-28. Denied.

### FIRST CLAIM FOR RELIEF

29. Defendant incorporates by reference all preceding paragraphs.

30-32. Denied.

### PRAYER FOR RELIEF

This section of the Complaint sets forth plaintiffs' prayer for relief, to which no response is required. To the extent a response is deemed required, this section is denied.

Each and every allegation of the Complaint not heretofore expressly admitted or denied is hereby denied.

WHEREFORE, having duly answered, defendant prays that:

1. This Court enter judgment for defendant.

2. Defendant be granted such further relief as the Court may deem just and proper.

ANSWER
Case No. 12-cv-3728-DMR

DATED:  August 31, 2012

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General,
Civil Division

ELIZABETH J. SHAPIRO (D.C. Bar No. 418925)
Deputy Branch Director

/s/ *Brad P. Rosenberg*
BRAD P. ROSENBERG (D.C. Bar No. 467513)
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 514-3374
Facsimile:  (202) 616-8460
E-mail:  brad.rosenberg@usdoj.gov

*Attorneys for the Defendant*
*Federal Bureau of Investigation*

ANSWER
Case No. 12-cv-3728-DMR