UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA,<br><br>              Plaintiff,<br><br>      v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>              Defendant. | Case No. 12-cv-03728-SI<br><br>**ORDER RE: IN CAMERA REVIEW** |

# BACKGROUND

This action arises under the Freedom of Information Act, 5 U.S.C. § 552. On March 8, 2012, plaintiffs American Civil Liberties Union of Northern California and the *San Francisco Bay Guardian* submitted a FOIA request to the Federal Bureau of Investigations for records pertaining to the "Occupy" movement. Docket No. 22-1, First Hardy Decl. ¶ 7, Ex. A. Specifically, plaintiffs requested the following materials:

> 1) Records created, received, gathered or maintained by the FBI (including but not limited to sub-entities within the FBI such as the Joint Terrorism Task Force, the Campus Liaison Initiative, and the Academic Alliance Program) since June 1, 2011 pertaining to persons, planning, assemblies, marches, demonstrations, or any other activity associated with movements referring to themselves as Occupy Oakland, Occupy San Francisco, Occupy Cal, or Occupy UC Davis.
>
> 2) Intelligence Bulletins referring to the "Occupy" movement generally or any geographically specific Occupy movement.
>
> 3) Training for FBI agents regarding the Occupy movement generally or any geographically specific Occupy movement.
>
> 4) Written materials related or referring to the Occupy movement generally of any geographically specific Occupy movement and setting forth or referring to legal reasoning or authority relied upon

by the FBI with respect to its investigatory and enforcement activities.

*Id.*

On March 26, 2012, the FBI informed plaintiffs that their request had been approved for expedited processing and a search for responsive records had begun. *Id.* ¶ 9, Ex. C. On May 17, 2012, plaintiffs asked the FBI when they could expect to receive the responsive records, and, having received no response, plaintiffs filed the present action in this Court two months later. *Id.* ¶¶ 10-11, Ex. D. On August 24, 2012, the FBI released 13 pages to plaintiffs, out of 37 responsive pages, explaining that it had withheld 24 pages in full pursuant to FOIA exemptions. *Id.* ¶ 12, Ex. E. After receiving clarification of plaintiffs' request in October, the FBI found three more responsive pages, and withheld all three pages pursuant to FOIA exemptions. *Id.* ¶ 13, Ex. F.

On December 21, 2012, the FBI filed a motion for summary judgment, and on January 18, 2013, plaintiffs filed a cross motion for summary judgment. Docket No. 22-23. In their cross motion, plaintiffs argued that the FBI's search for responsive documents was inadequate, and that the FBI was improperly withholding information pursuant to FOIA exemptions. On July 1, 2013, the Court denied the FBI's motion for summary judgment, and granted in part and denied in part plaintiffs' motion for summary judgment. Docket No. 32. The Court concluded that the FBI had failed to establish that it had conducted an adequate search and had failed to establish that the claimed FOIA exemptions applied to the withheld information. *Id.* at 7, 16. The Court ordered the FBI to file a supplemental declaration addressing the concerns mentioned in the order. *Id.*

On July 31, 2013, the FBI filed supplemental declarations and submitted an additional declaration for *ex parte*, *in camera* review. Docket Nos. 33-35. Subsequently, the parties filed cross motions for summary judgment on the issue of whether the FBI's withholding of information pursuant to certain FOIA exemptions is proper.[1] Docket Nos. 43, 47. On September 16, 2014, the Court granted in part and denied in part the FBI's motion, and denied the ACLU's motion. Docket No. 54. In its order, the Court agreed with the parties that *in camera* review was

---

[1] In their motion, plaintiffs abandoned their challenge of the adequacy of the FBI's search for responsive documents.

2

appropriate to decide whether the remaining documents were subject to the claimed FOIA exemptions. Accordingly, the Court ordered the FBI to provide the contested documents to the Court, and to publicly file a new declaration addressing the issues raised in the Court's summary judgment order.[2] On October 16, 2014, the FBI filed its updated declaration. Docket No. 57, Fifth Hardy Decl.

## LEGAL STANDARD

### I. Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the nonmoving party to "set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex*, 477 U.S. at 324). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

---

[2] The Court also ordered the FBI to file publicly a declaration that it had previously filed *ex parte*. Docket No. 54 at 7. On October 16, 2014, the FBI filed a motion for clarification, noting that it had publicly filed the declaration in question (with "minimal redactions") prior to the Court's order. Docket No. 56. The Court finds that the government has already substantially complied with its order, and no further action is necessary.

In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, the evidence the parties present must be admissible. Fed. R. Civ. P. 56(c)(2).

"[M]ost FOIA cases are resolved at the summary judgment stage." *Flightsafety Servs. Corp. v. Dep't of Labor*, 326 F.3d 607, 610 (5th Cir. 2003); *see also Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114 (9th Cir. 1988). This is because "the primary question is a legal one: whether the withheld documents are covered by one of the statutory exemptions. *Am. Civil Liberties Union of Michigan v. F.B.I.*, 734 F.3d 460, 465 (6th Cir. 2013). This is in large part due to the "peculiar posture of FOIA cases, in which plaintiffs, lacking access to the documents, can only challenge the application of the correct legal standard to the descriptions provided by the government, not the actual content of the underlying documents." *Id.* (internal quotations omitted).

## II.   FOIA

"[FOIA] was enacted to facilitate public access to Government documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). Consistent with this purpose, there is a strong presumption in favor of disclosure. *See id.* "However, FOIA contains a number of exemptions." *Ctr. for Biological Diversity v. USDA*, 626 F.3d 1113, 1116 (9th Cir. 2010) (citing 5 U.S.C. § 552(b)); *see also Lahr v. NTSB*, 569 F.3d 964, 973 (9th Cir. 2009) ("FOIA contemplates that some information may legitimately be kept from the public."). The Supreme Court has explained that "these exemptions 'must be narrowly construed.'" *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 154 (1989).

The government agency bears the ultimate burden of proving that a particular document or

4

redaction falls within one of the nine statutory exemptions to the disclosure requirement. *See Ray*, 502 U.S. at 173; *Lahr v. NTSB*, 569 F.3d at 973. "[G]overnment agencies seeking to withhold documents requested under the FOIA [are] required to supply the opposing party and the court with a '*Vaughn* index,'[1] identifying each document withheld, the statutory exemption claimed, and a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption." *Wiener v. FBI*, 943 F.2d 972, 977 (9th Cir. 1991). The government may submit affidavits to satisfy its burden, but "the government 'may not rely upon conclusory and generalized allegations of exemptions.'" *Kamman v. IRS*, 56 F.3d 46, 48 (9th Cir. 1995) (quoting *Church of Scientology v. Dep't of the Army*, 611 F.2d 738, 742 (9th Cir. 1980)). The government's "affidavits must contain 'reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption.'" *Id.* (quoting *Lewis v. IRS*, 823 F.2d 375, 378 (9th Cir. 1987)); *see also Shannahan v. IRS*, 672 F.3d 1142, 1148 (9th Cir. 2012) ("To justify withholding, the government must provide tailored reasons in response to a FOIA request. It may not respond with boilerplate or conclusory statements.").

Even if an exemption is applicable, an agency may only withhold that information to which the exemption applies. *Yonemoto v. VA*, 686 F.3d 681, 688 (9th Cir. 2012). Therefore, the agency must provide all "reasonably segregable" portions of the records to the requester. *Id.*; 5 U.S.C. § 552(b). Under this standard, "non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." *Mead Data Cent., Inc. v. United States Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). "The burden is on the agency to establish that all reasonably segregable portions of a document have been segregated and disclosed." *Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008). "To meet its burden in this regard, the agency must 'provide[] a detailed justification and not just conclusory statements.'" *Charles v. Office of the Armed Forces Med. Exam'r*, 2013 U.S. Dist. LEXIS 143076, at *19 (D.D.C. Oct. 2, 2013); *see also Wilderness Soc'y v. United States DOI*, 344 F.

---

[1] Named after the D.C. Circuit's decision in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

5

Supp. 2d 1, 19 (D.D.C. 2004) ("[A] blanket declaration that all facts are so intertwined to prevent disclosure under the FOIA does not constitute a sufficient explanation of non-segregability.")

## DISCUSSION

The Ninth Circuit has explained that "[*i*]n camera review of the withheld documents by the court is not an acceptable substitute for an adequate *Vaughn* index. *In camera* review does not permit effective advocacy." *Wiener,* 943 F.2d at 979. Therefore, *in camera* review is only "justified where 'the government's public description of a document and the reasons for exemption may reveal the very information that the government claims is exempt from disclosure.'" *Lion Raisins, Inc. v. USDA*, 354 F.3d 1072, 1082 (9th Cir. 2004). Further, "resort to *in camera* review is appropriate only after 'the government has submitted as detailed public affidavits and testimony as possible.'" *Wiener*, 943 F.2d at 979. *Id.* In sum, "[i]n camera inspection is not a substitute for the government's burden of proof, and should not be resorted to lightly, due to the *ex parte* nature of the process and the potential burden placed on the court. *Lane v. Dep't of Interior*, 523 F.3d 1128, 1136 (9th Cir. 2008) (internal quotations omitted).

Here, the parties agree –and the Court concurs– that *in camera* review is appropriate in light of the government's prior failed attempts to show, through declarations, that it may withhold certain documents pursuant to the claimed exemptions. *In camera* review is also appropriate given that a relatively small number of documents – roughly twenty-seven pages – remain at stake here. *See Lane*, 523 F.3d at 1136 (noting that the "report's 'relative brevity'…made this case an 'appropriate instance' for in camera inspection."). Therefore, the Court will reexamine the documents for which summary judgment was denied *in camera*, in light of the government's latest declaration.

## I.   Exemption 7, Law Enforcement Objective

Exemption 7 under FOIA permits the government to withhold "records or information compiled for law enforcement purposes" under certain enumerated conditions.   5 U.S.C.

§ 552(b)(7). The FBI has withheld multiple documents under several categories of this exemption: Exemption 7(A) for interference with enforcement proceedings, Exemption 7(C) for unwarranted invasion of personal privacy, Exemption 7(D) for disclosure of a confidential source, and Exemption 7(E) for disclosure of investigative techniques. *See* Fifth Hardy Decl. ¶¶ 7-23. Plaintiff argues that the FBI has failed to adequately satisfy the "law enforcement purposes" threshold requirement for Exemption 7.

"An agency which has a clear law enforcement mandate, such as the FBI, need only establish a 'rational nexus' between enforcement of a federal law and the document for which an exemption is claimed." *Church of Scientology*, 611 F.2d at 748. "The rational nexus test requires courts to accord a degree of deference to a law enforcement agency's decisions to investigate." *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 808 (9th Cir. 1995). However, "generalized monitoring and information-gathering" do not suffice for Exemption 7. *Id.* at 809. Moreover, "[i]nformation need not have been originally compiled for law enforcement purposes in order to qualify for the 'law enforcement' exemption, so long as it was compiled for law enforcement purposes at the time the FOIA request was made." *Lion Raisins, Inc. v. USDA*, 354 F.3d 1072, 1082 (9th Cir. 2004) (citing *John Doe Agency*, 493 U.S. at 155).

In its prior order, the Court noted that while the FBI had adequately provided a legitimate law enforcement purpose – the investigation of domestic terrorism  it failed to adequately establish a nexus between the documents at issue and that legitimate law enforcement purpose. *See Church of Scientology*, 611 F.2d at 748. Specifically, the Court found that the FBI's claim that these documents related to domestic terrorism, and advocating overthrow of government, 18 U.S.C. §§ 2331, 2385, was insufficient because these statutes prohibit a broad range of conduct, and therefore "do little to inform plaintiff of the claimed law enforcement purpose underlying the investigation." Docket No. 54, *citing Wiener,* 943 F.2d at 986.

In its latest declaration, the government responds by noting that for certain enumerated documents, the potential criminal conduct includes (1) assaulting, resisting, or impeding certain officers or employees; (2) conspiracy to commit offense or to defraud the United States; (3)

conspiracy to impede or injure an officer; (4) solicitation to commit a crime of violence; (5) distribution of information relating to explosives, destructive devices, and weapons of mass destruction; (6) malicious mischief–government property; and (7) providing material support to terrorists. 18 U.S.C §§ 111, 371-73, 842(p), 1361, 2339(a); Fifth Hardy Decl. ¶ 7. The Court finds that this additional detail is sufficient to establish a nexus between these documents and the stated law enforcement purpose. Therefore, *in camera* review of these documents is unnecessary to establish whether the government has met its threshold burden under Exemption 7. *See Lane*, 523 F.3d at 1135-36 ("If the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption, the district court need look no further.").

For a second subset of documents, the government notes that the only additional potential violation of criminal law is deprivation of rights under color of law. 18 U.S.C. § 242; Fifth Hardy Decl. ¶ 7. As with the violations claimed in the previous declaration, this statute prohibits a very broad range of conduct[3], and therefore the declaration alone is insufficient to establish the requisite nexus between the law enforcement activity and these documents. However, after conducting an *in camera* review, the Court finds that the documents in question are indeed closely related to the stated law enforcement purpose.

## II.   Exemption 7(A), Pending Law Enforcement Proceedings

Exemption 7(A) provides that "records or information compiled for law enforcement purposes" may be withheld if they "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). To establish the applicability of Exemption 7(A), the government must explain "how releasing each of the withheld documents would interfere with the government's ongoing criminal investigation." *Lion Raisins*, 354 F.3d at 1084. However, "'the

---

[3] 18 U.S.C.A. § 242 prohibits anyone who acts "under color of any law, statute, ordinance, regulation, or custom, [from] willfully subject[ing] any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens."

government is not required to make a specific factual showing with respect to each withheld document that disclosure would actually interfere with a particular enforcement proceeding.'" *Shannahan*, 672 F.3d at 1150.

The FBI asserts that this exemption applies to a single three-page document entitled "Intelligence Related to Potential Sovereign Activity in Arkansas." Plaintiffs do not contest the applicability of Exemption 7(A) to the intelligence report, but rather argue that the FBI has failed to establish that the withheld information is not reasonably segregable. Pl.'s Mot. at 17-18. In its prior order, the Court found that the FBI failed to provide an adequate reason for why the information which does not pertain to pending investigations is not segregable. Docket No. 54 at 11-12. In response to the Court's order, the FBI has released some additional information which has previously been withheld. Fifth Hardy Decl. ¶ 8. Upon reviewing the document *in camera*, the Court finds that the government must also release the first sentence of footnote "a" located on the first page[4] of the document, as it is reasonably segregable. All other portions withheld pursuant to Exemption 7(A) are sufficiently narrowly tailored.

## III. Exemption 6 and 7(C)

Exemption 6 and Exemption 7(C) both exempt the release of records which would constitute an "unwarranted invasion of personal privacy." 5 U.S.C. §§ 552(b)(6), (b)(7)(C). Exemption 6 covers "personnel and medical files and similar files" and Exemption 7(C) covers "records or information compiled for law enforcement purposes." *Id.* The standard for Exemption 6 is higher in that it requires the disclosure of the files to constitute a "clearly unwarranted" invasion of privacy, whereas Exemption 7(C) only requires that the disclosure "could reasonably be expected to constitute" such an invasion. *Id.*; *see also Lahr v. NTSB*, 569 F.3d 964, 974 (9th Cir. 2009) ("[A]lthough both exemptions require the court to engage in a similar balancing analysis, they 'differ in the magnitude of the public interest that is required to override the respective privacy interests protected by the exemptions.'"). "Both [Exemption 6 and Exemption

---

[4] Bates page 38.

9

7(C)] require a balancing of the public interest in disclosure against the possible invasion of privacy caused by the disclosure." *Hunt v. FBI*, 972 F.2d 286, 287 (9th Cir. 1992). While "Exemption 7(C) is not coterminous with the common law and the Constitutional conceptions of privacy, [the Supreme Court has] interpreted the term 'personal privacy' as reflecting congressional intent to protect 'against public intrusions long deemed impermissible under the common law and in our cultural traditions.'" *Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 693 (9th Cir. 2012), *citing Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 164, 170 (2004) (internal citations omitted). Here, the FBI has asserted Exemption 6 every time it has asserted Exemption 7(C), and vice versa. *See* Docket No. 57.

The FBI applied Exemptions 6 and 7(C) to protect the privacy interests in the names or identifying information of four types of people: (1) FBI agents and support personnel, (2) third parties who have provided information to the FBI, (3) third parties merely mentioned in the documents, and (4) local law enforcement officers. Docket No. 22-1, First Hardy Decl. ¶¶ 57-63; Docket No. 34-1, Third Hardy Decl. ¶ 20; Fifth Hardy Decl. ¶¶ 9-11. Plaintiffs do not challenge the first category. Pl.'s Mot. at 18 n.22. Plaintiffs argue that with respect to the last three categories, the public interest in disclosure outweighs the privacy interests. Pl.'s Mot. at 18-20.

### A. Third Parties

Under Ninth Circuit law, "[t]he privacy interests of third persons whose names appear in FBI files, the public interest in disclosure, and a proper balancing of the two, will vary depending upon the content of the information and the nature of the attending circumstances." *Wiener*, 943 F.2d at 985. If "it cannot be concluded that the privacy interests characteristically outweigh the public interest with respect to all of the documents withheld under Exemption 7(C)," then the FBI's declaration is inadequate. *Id.*

The Court has found the FBI's previous two attempts at applying the 7(C) Exemption to third parties to be inadequate. In its previous order, the Court summarized the FBI's showing as follows:

> For third parties who have provided information to the FBI, the FBI merely states that these individuals have an interest in the nondisclosure of their identities and their connection with the events described in the record because of the potential for future retaliation, embarrassment, harassment, or unnecessary judgment. Docket No. 34-1, Third Hardy Decl. ¶ 20. For third parties who are merely mentioned in the documents, the FBI states that the information about these third parties appears in the records by happenstance, and that the release of this information would subject the individual to unnecessary criticism, harassment, derogatory inferences, and undue suspicion. *Id.* For both groups of individuals, the FBI asserts that the information will not shed any light on the FBI's performance of its statutory duties. *Id.*

Docket No. 54 at 13.

The FBI now provides a chart detailing the factual circumstances surrounding each instance it seeks to apply Exemptions 6 and 7(C) to third parties. Fifth Hardy Decl. ¶ 11. While this information is helpful, it still fails, standing alone, to show why it would be reasonable to conclude that the third parties might be subject to retaliation, harassment, or other negative consequences if their names are revealed, and why the release of their names would not shed any light on the FBI's performance of its statutory duties. Therefore, *in camera* review is appropriate.

Upon reviewing the documents, the Court finds that releasing the names of the third parties could reasonably lead to an invasion of their privacy. "The sole cognizable public interest for FOIA is the interest to open agency action to the light of public scrutiny, to inform the citizenry about what their government is up to." *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) (internal citations and quotations omitted). The public interest plaintiff seeks to vindicate through its FOIA request arises from the content of the documents, not the names of the third parties. *See U.S. Dep't of State v. Ray*, 502 U.S. 164, 178 (1991) ("We are persuaded, however, that this public interest has been adequately served by disclosure of the redacted interview summaries and that disclosure of the unredacted documents would therefore constitute a clearly unwarranted invasion of the interviewees' privacy."). Accordingly, the Court finds that the government may properly withhold the names of third parties under Exemption 7(C). The Court

therefore need not decide whether Exemption 6 applies.

### B.     Local Law Enforcement Officers

In its prior order, the Court found that the FBI had met its burden to show that Exemptions 6 and 7(C) apply to the names or identifying information of local law enforcement officers. Docket No. 54 at 14-15. However, the Court found that defendant failed to adequately show that it had sought to withhold only information that is not reasonably segregable. *Id.* In response, the FBI has re-reviewed the documents and released additional information. Fifth Hardy Decl. ¶ 10. Upon reviewing the records, the Court finds that the FBI had sought to withhold only the names of the local law enforcement officers pursuant to these exemptions, and has therefore withheld only non-segregable information.

## IV.    Exemption 7(D), Confidential Sources

Exemption 7(D) provides that "records or information compiled for law enforcement purposes" may be withheld if they "could reasonably be expected to disclose the identity of a confidential source . . . [who] furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation . . . , information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D). "Under this exemption, a source is 'confidential' if it 'provided information under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred.'" *Rosenfeld*, 57 F.3d at 814 (quoting *United States Dep't of Justice v. Landano*, 508 U.S. 165, 172 (1993). "The focus, therefore, is not whether 'the requested document is of the type that the agency usually treats as confidential, but whether the particular source spoke with an understanding that the communication would remain confidential.'" *Id.* (quoting *Landano*, 508 U.S. at 172) (emphasis in original). To meet its burden, the government must "make an individualized showing of confidentiality with respect to each source"; confidentiality cannot be presumed. *Landano*, 508 U.S. at 174, 178. "Unlike Exemption 7(C),

Exemption 7(D) requires no balancing of private and public interests." *Council on American-Islamic Rels., California v. FBI*, 749 F. Supp. 2d 1104, 1121 (S.D. Cal. 2010).

In its prior order the Court found that the government had met its burden to show that Exemption 7(D) applied to four documents where an *express* assurance of confidentiality was made. Docket No. 54 at 15-17. However, the Court found that the FBI's explanation was too vague as to information withheld pursuant to Exemption 7(D) where it claimed that a promise of confidentially could be *inferred*. *Id.* at 17-18. Finally the Court found that the FBI failed to meet its burden to show that the documents were not segregable. *Id.* at 18.

The Supreme Court has explained that an implied assurance of confidentiality may arise "when circumstances such as the nature of the crime investigated and the witness' relation to it support an inference of confidentiality." *Landano*, 508 U.S. at 181. In order to establish an implied assurance of confidentiality, the government must "sufficiently describe[] circumstances that can provide a basis for inferring confidentiality." *Davin v. United States Dep't of Justice*, 60 F.3d 1043, 1063 (3d Cir. 1995); *see also Council on American-Islamic Rels*, 749 F. Supp. 2d at 1122 ("the agency must explain why, in the particular case, there was an implied assurance of confidentiality").

The FBI continues to rely on the same justifications which the Court has previously found to be insufficiently detailed to establish the existence of an implied promise of confidentiality -- namely, that the source is a member of an allegedly violent group, and that he or she could potentially face retaliation if it is discovered that he or she cooperated with law enforcement. Fifth Hardy Decl. ¶ 12. However, upon reviewing the relevant documents, the Court finds that an implied assurance of confidentiality did in fact exist, such that withholding pursuant to Exemption 7(D) was appropriate.

In response to the Court's previous order, the FBI has released additional information that is segregable from information pertaining to confidential sources. The Court finds that only identifying information (such as names, titles, and contact information) of the confidential sources may be withheld pursuant to Exemption 7(D).

### V. Exemption 7(E), Investigative Techniques

The last Exemption asserted by the FBI is Exemption 7(E). This exemption provides that "records or information compiled for law enforcement purposes" may be withheld if they "would disclose techniques and procedures for law enforcement investigations or prosecutions." 5 U.S.C. § 552(b)(7)(E). Exemption 7(E) requires that the agency demonstrate logically how the release of the requested information might create a risk of circumvention of the law. *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1194 (D.C. Cir. 2009). "Exemption 7(E) only exempts investigative techniques not generally known to the public." *Rosenfeld*, 57 F.3d at 815 ("It would not serve the purposes of FOIA to allow the government to withhold information to keep secret a investigative technique that is routine and generally known."). "However, the government may withhold detailed information regarding a publicly known technique where the public disclosure did not provide 'a technical analysis of the techniques and procedures used to conduct law enforcement investigations.'" *Elec. Frontier Found. v. CIA*, 2013 U.S. Dist. LEXIS 142146, at *79 (N.D. Cal. Sept. 30, 2013), *citing Bowen v. U.S. Food & Drug Admin.*, 925 F.2d 1225, 1228-29 (9th Cir. 1991).

The FBI asserted Exemption 7(E) for five types of information: (1) database and database information; (2) collection and/or analysis of information; (3) specific law enforcement techniques utilized to conduct national security and intelligence investigations; (4) file numbers; and (5) the identity of FBI units. Docket No. 34-1, Third Hardy Decl. ¶ 23. Aside from abandoning this exemption as to the first type of information, Fifth Hardy Decl. ¶ 14(a), the FBI largely reiterates the same arguments that this Court has previously found to be wholly insufficient in its two prior orders. *See* Docket No. 54 at 18-20; Docket No. 32 at 14-16.

In its prior order, the Court "caution[ed] the FBI to bear in mind that *in camera* review of the withheld documents can sometimes be insufficient by itself to establish the applicability of FOIA exemptions." Docket No. 54 at 20, *citing Yonemoto*, 686 F.3d at 696. While the Court recognizes that the inadequacy of publicly filed government declarations may arise from a desire not to "reveal the very information that the government claims is exempt from disclosure." *Lion*

14

*Raisins,* at 1082. Here, the government's failure to meet its burden through public declarations appears to be symptomatic of the fact that the claimed exemption simply does not apply to the withheld material. Accordingly, upon reviewing the relevant documents *in camera*, the Court finds that the FBI may not rely upon Exemption 7(E) to withhold any information in the documents at issue. Any documents, or portions of documents, withheld solely on the basis of 7(E) must be produced.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part, and DENIES in part the parties motions for summary judgment. This order resolves Docket Nos. 43, 47, 56.

**IT IS SO ORDERED**.

Dated: February 17, 2015

SUSAN ILLSTON
United States District Judge